UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| JOHNNY BLACK and wife, ANGELA BLACK<br>Plaintiffs, | ) ) ) ) ) | |
| v. | ) | NO. 2:04-CV-180 |
| SUZUKI MOTOR CORPORATION and AMERICAN SUZUKI MOTOR CORPORATION<br>Defendants. | ) ) ) ) ) ) | |

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the "Renewed Motion For Summary Judgment And Renewed Motion To Set Aside Settlement Agreement" of the defendants, Suzuki Motor Corporation and American Suzuki Motor Corporation for an order setting aside a settlement agreement reached by the parties in this case and summary judgment on all issues on the basis of the fraud of the plaintiff, Johnny Black. [Doc. 22]. In reality, the motion seeks an order setting aside the settlement agreement of the parties and dismissal of plaintiffs' complaint as a matter of law pursuant to the Court's inherent power to dismiss an action wherein a party has committed fraud on the courts and the Court will treat it as such. Plaintiffs have not

responded to the motion and the time for response has passed. For the reasons which follow, the motion will be GRANTED.

**I.      Procedural Background**

This product liability action was originally filed in the Circuit Court for Cocke County, Tennessee, and was removed to this Court on June 28, 2004. On September 28, 2005, the defendants requested that the Court schedule a status conference and notified the Court that they had entered into a private settlement agreement on or about August 19, 2005. The motion of the defendants further stated that prior to the receipt of the settlement check, counsel for the defendants were advised by the United States Attorney's Office that they were investigating allegations of fraud related to this case and later learned that a criminal complaint had been filed by the United States of America against John Wayne Black a/k/a Johnny Black alleging that Mr. Black committed fraud in this civil action. The Court conducted a hearing on the defendants' motion on October 31, 2005, and an order was entered on that same day staying further proceedings in this case pending the outcome of the plaintiff's criminal case.

As noted above, this is a product liability action. In their complaint, the plaintiffs alleged that a 2002 Suzuki GSXR Motorcycle manufactured, marketed and sold by defendants to plaintiff, Johnny Black ("Black"), was defective and

unreasonably dangerous when it was sold and that the defective and dangerous condition and design proximately caused injuries to Black when he lost control of the motorcycle on loose gravel and crashed. In the complaint, the plaintiffs alleged that, at the time of the accident resulting in his injuries, Black was operating the motorcycle in a safe and prudent manner, at a safe speed for existing road conditions, and generally with due care and caution.

On October 20, 2004, Black's discovery deposition was taken. Black testified that the accident occurred when his motorcycle lost control on loose gravel causing him to veer into another motorcycle being driven by Jonathan Morgan. Both Black and Morgan were Cocke County Sheriff's Deputies at the time of this accident. Black unequivocally denied during his deposition that he had been riding a "wheelie" at the time of the accident or that he had ever ridden a wheelie on his motorcycle.

Morgan, who was deposed on the same day as the plaintiff, testified that he did not see what happened to make the Black lose control of his motorcycle and that he had no knowledge regarding the accident other than the fact that he felt Black's motorcycle hit his leg before Black was thrown off the motorcycle. Another Cocke County Officer, Derrick Webb, testified that he (Webb) came upon the scene after the fact and did not see the accident or any of the events leading up to it. After the completion of discovery, the parties, as noted above, entered into an agreement to

settle the case.

Before the settlement was completed, however, Black was arrested based upon a criminal complaint filed by the United States of America which alleged that Black had committed fraud in the civil action against the defendants. Defendants' counsel maintained possession of the settlement check and did not tender it to the plaintiffs. Black was subsequently indicted on charges that he had perjured himself in his deposition on October 20, 2004 and had tampered with a witness.

During the Black's criminal trial, Officer Webb testified that he in fact witnessed the accident and that Black was on his back wheel (*i.e.* riding a wheelie) before the collision with Morgan. Webb further testified that during conversations he had with the plaintiff subsequent to the accident Black admitted that he was doing a wheelie at the time of the accident. Webb testified that Black told both him and Morgan that he intended to deny doing a wheelie and instructed Webb to deny that he had witnessed the accident. Webb testified that he finally came forward with the truth because he felt bad about lying under oath at the deposition.

Morgan likewise testified during the criminal trial that Black was concerned that his insurance company would deny coverage if it learned he "was riding a wheelie, basically acting stupid," at the time of the accident. Morgan acknowledged that his deposition testimony had been untruthful and that he had witnessed the

4

accident and seen Black do a wheelie at the time of the accident. Morgan testified that Black told Morgan he needed to "stick with" his untruthful deposition testimony because Morgan could get in trouble for changing his story.

On February 9, 2006, Black was convicted by a jury in this Court of one count of making false declarations in connection with his deposition testimony and one count of tampering with a witness. Black's conviction was affirmed by the United States Court of Appeals for the Sixth Circuit and the Sixth Circuit mandate has now issued.

## II. Analysis and Discussion

It is undisputed that the allegations made in the complaint of Johnny Black were knowingly false and that he willfully attempted to deceive the Court through the filing of his complaint. It is likewise undisputed that he committed perjury during the course of his deposition concerning the cause of his accident and that he suborned perjury of other witnesses. It is also undisputed that Black acted with the intent to defraud the defendants in this case.

It is beyond question that federal courts have "inherent power to dismiss an action when a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice." *Wyle v. R.J. Reynolds Industries, Inc.*, 709 F.2d 585, 589 (9th Cir. 1983) (citing *Phoceene Sous–Marine, S.A.*

*v. Phosmarine, Inc.,* 682 F.2d 802, 806 (9th Cir. 1982)). Such actions on the part of a litigant undermine the public confidence in the judiciary and cannot be tolerated in our judicial system where the integrity of the courts in judicial proceedings is part of the fiber of our very existence as a democratic society. As the United States Supreme Court observed in *ABF Freight System, Inc. v. National Labor Relations Board*:

> False testimony in a formal proceeding is intolerable. We must neither reward nor condone such a 'flagrant afront' to the truth – seeking function of adversary proceedings . . . . [S]uch wrong doing is so 'inconsistent with the rudimentary demands of justice' that it can vitiate a judgment even after it has become final. .. [D]eliberate falsehoods 'well may affect the dearest concerns of the parties before a tribunal,' . . . and may put the fact finder and parties 'to the disadvantage, hindrance, and delay of ultimately extracting the truth by cross examination, by extraneous investigation or other collateral means. Perjury should be severely sanctioned in appropriate cases.

*ABF Freight System, Inc. v. National Labor Relations Board*, 510 U.S. 317, 323 (1994) (internal citations omitted). Where the deception relates to matters in controversy, dismissal is a permissible sanction. *Yanez v. America West Airlines, Inc.*, 2004 WL 2434725 (D. Md. 2004).

This is indeed an appropriate case for the sanction of dismissal. The plaintiff, Johnny Black, deliberately misrepresented his cause of action to this Court, he lied under oath about the circumstances surrounding his accident and he convinced others to offer false testimony surrounding the accident in their depositions. Plaintiff has

now been found guilty beyond a reasonable doubt by a jury of perjury and witness tampering related to this case and his conviction has been affirmed on appeal. He has willfully deceived this Court and his conduct is inconsistent with the orderly administration of justice. This is a case where the court should and must exercise its inherent authority, set aside the settlement agreement entered into between the parties in this case and summarily dismiss plaintiffs' lawsuit.

The wife of Johnny Black has also sought damages for the loss of services, consortium and companionship of her husband. There is no evidence before the Court that she is guilty of any fraud or wrongdoing. Her claims, however, are derivative claims and her claims too must be dismissed upon the dismissal of those of Johnny Black.

### III. Conclusion

It is unquestionable that the settlement agreement reached by the parties in this case is rendered void by Johnny Black's false representations, clearly material to the matters at issue in this civil case. The settlement agreement was procured through a fraud on the Court. Likewise, summary dismissal of the plaintiffs' claims is appropriate and, indeed, imperative in this case.

For these reasons, the motion of the defendants for entry of an order setting aside the settlement agreement reached by the parties in this case is **GRANTED** and

the settlement agreement is hereby declared **VOID, SET ASIDE, AND HELD UNENFORCEABLE AGAINST THE DEFENDANTS**. Further, the motion of the defendants to summarily dismiss this case due to the fraud and perjury of the plaintiff, Johnny Black, is likewise **GRANTED** and plaintiffs' complaint is hereby **DISMISSED IN ITS ENTIRETY WITH PREJUDICE** .

SO ORDERED.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE